

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

### State of New Jersey
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO Box 112
TRENTON, NJ 08625-0112

GURBIR S. GREWAL
*Attorney General*

MICHELLE L. MILLER
*Director*

August 31, 2018

**Via CM/ECF & Regular Mail**
Hon. Freda L. Wolfson, U.S.M.J.
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street
Trenton, NJ 08608& U.S. Courthouse

   Re: Dion Harrell v. State of N.J., et al.
     Docket No. 18-11299

Dear Judge Wolfson:

  I represent defendants State of New Jersey, Department of Law & Public Safety – Division of State Police ("State Police"), and John T. Nichols (collectively, "State Defendants") in the above-referenced matter. Please accept this letter brief in lieu of a more formal submission in support of the State Defendants' motion to dismiss in part plaintiff Dion Harrell's complaint for lack of subject matter jurisdiction.



HUGHES JUSTICE COMPLEX • TELEPHONE: (609) 376-2948 • FAX: (609) 777-3607
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

**PROCEDURAL HISTORY & STATEMENT OF FACTS**

Plaintiff Dion Harrell brings this action alleging that the State Defendants violated his Fourth, Fifth, Sixth, and Fourteenth Amendment rights, as well as analogous rights under the New Jersey State Constitution. Plaintiff also raises a claim of common law negligence. These claims arise from the investigation conducted by state and local authorities which led to his arrest and conviction for sexual assault in 1992.

Plaintiff commenced this action by filing a complaint on July 2, 2018. (Docket Entry 1). Plaintiff then effectuated service of process on the State Defendants. (Docket Entries 4, 5, 7, 8). On August 18, 2018, the State Defendants filed a motion to extend the deadline to respond to the complaint to August 31, 2018. (Docket Entry 10). The Court granted the motion the next day. (Docket Entry 11).

Plaintiff alleges that in 1988, he was arrested by the Long Branch police as a suspect in the rape of a seventeen-year-old girl. (Complaint, ¶¶ 14, 18, 19). Plaintiff implicates the City of Long Branch and officer Brian O'Gibney of going against protocol by taking Plaintiff to see the victim after she had asked O'Gibney to do so; Plaintiff complied, believing it would help clear his name. (Id., ¶¶ 18-20, 22-23). Plaintiff alleges that O'Gibney falsely claimed that the victim clearly Plaintiff as her assailant. According to Plaintiff, in reality she only

nodded when asked if he was the assailant, which Plaintiff characterizes as being "far from a clear identification." (Id., ¶¶ 23-25).

More pertinent to the instant motion are Plaintiff's allegations against the State Defendants. Plaintiff asserts that defendant Nichols, whom Plaintiff says was the "principal forensic chemist at the State Police Laboratory, "egregiously misstated conventional serology science" during Plaintiff's criminal trial, and in doing so "abandon[ed] well-established scientific principles which were known in 1988 and 1989." (Id., ¶ 29). Plaintiff goes on to detail his theory of exactly how defendant Nichols manipulated blood and semen samples to falsely implicate Plaintiff in the sexual assault. (Id., ¶¶ 30-35).

Plaintiff alleges that on May 19, 1992, he was found guilty of sexual assault and was given an eight-year prison term. (Id., ¶¶ 37-38). According to Plaintiff, he served four years of this sentence and was released on parole, at which point he was required to register as a sex offender under Megan's Law. (Id., ¶ 38). He later was convicted of two Megan's Law violations, for which he served two additional terms of incarceration of an unspecified length. (Id., ¶ 39).

Plaintiff asserts than on July 13, 2016, the results of a DNA test excluded him as the assailant. (Id., ¶ 40). As a result, according to Plaintiff, his sexual assault conviction

and the two Megan's Law violations were vacated on August 3, 2016. (Id., ¶ 41). Plaintiff is seeking compensatory and punitive damages, interests and costs, and attorneys' fees. Id., pp. 13-14).

In addition to naming defendant Nichols, Plaintiff seeks to hold the State of New Jersey and the New Jersey State Police liable for the purported missteps which led to his mistaken conviction and incarceration. Plaintiff names these entities as Defendants in his causes of action under the New Jersey Civil Rights Act and for common law negligence (or, respectively, his second and third causes of action). The Defendants submit that these claims should be dismissed because the entity State Defendants are protected by the doctrine of sovereign immunity.

## **STANDARD OF REVIEW**

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(1), a District Court must distinguish between facial and factual challenges to its subject matter jurisdiction. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). "In a facial attack a Defendant argues that the Plaintiff did not properly plead jurisdiction . . . [whereas] a 'factual attack' asserts that jurisdiction is lacking on the basis of facts outside of the pleadings." Smolow v. Hafer, 353 F. Supp. 2d 561, 566 (E.D. Pa. 2005). If the court is considering a "factual" attack, where a challenge is based on the sufficiency

of the jurisdictional facts, the court is free to weigh the evidence and satisfy itself whether it has the power to hear the case. Brown v. U.S. Steel Corp., 2010 U.S. Dist. LEXIS 115503, at *6 (W.D. Pa. Oct. 29, 2010). In doing so, the court should "consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the Plaintiff." Gould Elecs., Inc. v. U.S., 220 F.3d 169, 176 (3d Cir. 2000) (citations omitted). Nevertheless, for either a facial or factual attack, the burden is on the plaintiff to prove jurisdiction. McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936).

### ARGUMENT

**ALL OF PLAINTIFF'S CLAIMS AGAINST THE ENTITY STATE DEFENDANTS MUST BE DISMISSED BECAUSE ALL SUCH CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT**

It is well-established that a federal cause of action cannot be maintained against either a state or an agency of that state. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978); Meyer v. New Jersey, 46 F.2d 1252 (3rd Cir. 1972); Cate v. Oldham, 7 F.2d 1176 (11th Cir. 1983). The prohibition against naming a state or state agency as a party in a federal suit derives from the Eleventh Amendment, which provides:

> the judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by citizens of any foreign state.

[U.S. CONST., AMEND. XI]

The amendment precludes federal jurisdiction over a state absent the state's consent to suit. <u>Pennhurst State School and Hosp. v. Halderman</u>, 465 U.S. 89, 99 (1984). It is well-established that a state may waive its sovereign immunity and consent to suit against it in federal court. <u>Id.</u> (internal citations omitted). However, the state <u>must unequivocally express its consent.</u> <u>Edelman v. Jordan</u>, 415 U.S. 651, 673 (1974). Moreover, sovereign immunity is jurisdictional in nature. <u>Balice v. United States</u>, 2018 U.S. Dist. LEXIS 131530 at * 8 (D.N.J. 2018) (<u>citing</u> <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 475 (1994)).

The immunity from suit extends to "agencies or Department[s]" of the state as well. <u>Pennhurst</u>, <u>supra</u>, 465 U.S. at 101-102; <u>Pugh</u>, <u>supra</u>, 438 U.S. at 781. The state is considered the real party in interest in two circumstances - - whenever "'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration', or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.'" <u>College Savings Bank v. United States of America</u>, 948 F. Supp.

400, 409 (D.N.J. 1996)(quoting Pennhurst, supra, 465 U.S. at 101 n. 11). A state's sovereign immunity can be invoked even where the suit is against a state agency, official or employee. Brady v. Michelin Reifenwerke, 613 F. Supp. 1076, 1080 (D. Miss. 1985). The Eleventh Amendment also protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. Niblack v. Albino, 2010 U.S. Dist. LEXIS 136764 at *7, 2010 WL 5441652 (D.N.J. 2010) (citing Pennhurst, supra, 465 U.S. at 100-102) (1984).

Plaintiff raises causes of action alleging violations of the New Jersey Civil Rights Act (NJCRA) and common law negligence against the State of New Jersey and the New Jersey State Police. (Complaint, ¶¶48-63). Since it is well-established that the State of New Jersey and state agencies such as the State Police are protected from suit in federal court by sovereign immunity, and that sovereign immunity is a jurisdictional issue, these causes of action should be dismissed for lack of subject matter jurisdiction.

Plaintiff states in his complaint that the State of New Jersey (and, presumably, agencies of the state as well) have consented to suit before this Court because he submitted a "notice of claim" in October 2016. (Complaint, ¶ 13). Plaintiff presumably is referring to the requirement imposed by the New Jersey Tort Claims Act ("NJTCA") that a claimant must place a

public entity on notice of a potential lawsuit against it prior to filing suit. See N.J.S.A. 59:1-1, et seq. This, however, is not a valid means of establishing that a state has consented to a suit in federal court. As stated in Edelman, supra, consent to suit must be unequivocally expressed. At no point have the entity State Defendants expressed that that they are waiving their sovereign immunity and consenting to respond to this action in this Court. The State has not waived its sovereign immunity and consented to suit merely because Plaintiff allegedly put it on notice by filing a notice of claim. The defense is unaware of any precedent finding that a state's receipt of notice of a possible future lawsuit, pursuant to a New Jersey state law which sets forth the procedure for bringing suit against a public entity, may be construed as that state's unequivocal expression of consent to federal jurisdiction. Indeed, what Plaintiff is describing is his own act, and not any step taken by the entity State Defendants to agree to submit to the jurisdiction of this Court. Thus, Plaintiff has not established that he may proceed with any of his claims against the entity State Defendants.

## **CONCLUSION**

For the aforesaid reasons, all claims against the entity State Defendants should be dismissed for lack of subject matter jurisdiction.


Respectfully submitted,

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY


By: s/Gregory R. Bueno
    Gregory R. Bueno
    Deputy Attorney General

C: Glenn A. Garber, Esq.