# GLENN A. GARBER, P.C.
## ATTORNEYS AT LAW

THE WOOLWORTH BUILDING
233 BROADWAY, SUITE 2370, NEW YORK, NY 10279

TEL: 212-965-9370 FAX: 212-965-9375
WWW.GLENNGARBER.COM

GLENN A. GARBER
(ADMITTED IN NY & NJ)

September 17, 2018

Honorable Judge Freda L. Wolfson
United States District Judge
District of New Jersey
402 East State Street
Trenton, NJ 08608

   Re: *Dion Harrell v. State of New Jersey et al*
      *Dkt No.: 18 CV 11299 (FLW)*

Plaintiff Dion Harrell submits this Memorandum of Law in Opposition to Defendants the State of New Jersey, Department of Law & Public Safety – Division of State Police, and John T. Nichols' (the "State Defendants") letter brief motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction.

## THE FACTS ALLEGED

Plaintiff Dion Harrell was wrongfully convicted of a sexual assault, incarcerated for 4 years, and then forced to register as a sexual offender for 26 years afterwards.[1] C¶1. This wrongful conviction was caused by false forensic testimony by Defendant John T. Nichols, then the principal forensic chemist at the New Jersey State Police Laboratory, as well as the other Defendants. C¶¶28-37. In 2016, DNA testing proved that Plaintiff did not commit the assault, exonerating him completely. C¶¶38-41.

On July 2, 2018, Plaintiff brought claims against Defendant Nichols under 42 U.S.C. 1983, the New Jersey Civil Rights Act ("NJCRA"), and common law negligence. C¶¶44-58. The

---

[1] The Complaint is referenced as "C¶_." The State Defendants' Letter Brief in Support of Their Motion to Dismiss Pursuant to Rule 12(b)(6) is referenced as "MTD _."

1

Complaint makes it clear that Defendant Nichols is being sued in his "individual capacity". C¶10. The Complaint also alleges that the State of New Jersey is liable under the New Jersey Civil Rights Act and common law negligence under the doctrine of *respondeat superior*. C¶¶48-58.[2]

On August 31, 2018, the State Defendants moved to dismiss all these claims for lack of jurisdiction. The other defendants, including an individual police officer and the City of Long Branch, have not yet answered the Complaint.

## ARGUMENT

### I. DEFENDANT NICHOLS IS NOT IMMUNE TO SUIT IN HIS INDIVIDUAL CAPACITY.

Eleventh Amendment immunity does not apply to suits against New Jersey state employees sued in their official capacity. The State Defendants correctly assert that state employees are immune to suit in their official capacity under the Eleventh Amendment. MTD 5-6. But there is no immunity for the same officials sued in their individual capacity under 42 U.S.C. 1983, even for actions taken while acting as state employees: "We hold that state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983. The Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability under § 1983 solely by virtue of the 'official' nature of their acts. *Hafer v. Melo*, 502 U.S. 21, 31 (1991); *see also Santini v. Fuentes*, 795 F.3d 410, 418 n11 (3d Cir. 2015) (reversing where the "Complaint explicitly stated that he was bringing charges against the

---

[2] Plaintiff agrees to dismiss the common law negligence claims against the State Defendants, and will promptly re-file them in state court. *See Berke v. Buckley Broad. Corp.*, 821 A.2d 118, 124 (N.J. App. Div. 2003) (allowing relation back of statute of limitations after federal suit was dismissed as the wrong forum).

2

Trooper Defendants in their ... individual capacities"); *Slinger v. New Jersey*, 366 F. App'x 357, 361 (3d Cir. 2010) (applying *Hafer* to suits against New Jersey state employees).

District courts have applied this same principle to suits under the NJCRA against state employees sued in their individual capacity. *See Castro v. Atl. Cty.*, 15-CV-02041 (NLH) (JS), 2018 WL 3122065, at *12 (D.N.J. June 25, 2018) (allowing NJCRA claims against state investigators in their individual capacities); *Hof v. Janci*, 17-CV-295, 2017 WL 3923296, at *5 (D.N.J. Sept. 7, 2017) (allowing NJCRA claims against a defendant who was acting as an arm of the state because he was sued in his individual capacity); *Pitman v. Ottehberg*, 10-CV-2538 (NLH) (KMW), 2015 WL 179392, at *9 (D.N.J. Jan. 14, 2015) (allowing a NJCRA claim against a state official in his individual capacity); *see also Van Tassel v. Ocean Cty.*, 16-CV-4761 (BRM) (TJB), 2017 WL 5565208, at *6 (D.N.J. Nov. 17, 2017) (analyzing Eleventh Amendment immunity under NJCRA under the same standard as § 1983 and allowing claims against county defendants in their individual capacities).

Consequently, this Court has jurisdiction over the claims against Defendant Nichols under § 1983 and the NJCRA because he is explicitly being sued in his individual capacity; Eleventh Amendment immunity does not apply.

## II. THE STATE OF NEW JERSEY IS LIABLE UNDER THE NJCRA PUSUANT TO THE DOCTRINE OF RESPONDEAT SUPERIOR.

Under the New Jersey Constitution, even without a statute creating a right of action, there is a common law private right of action under the New Jersey Constitution. *See Scully v. Borough of Hawthorne*, 58 F. Supp. 2d 435, 459 (D.N.J. 1999) (citing *Peper v. Princeton Univ. Bd. of Trustees*, 389 A.2d 465, 476 (N.J. 1978). The New Jersey Supreme Court has also ruled that the State of New Jersey can be vicariously liable under respondeat superior for common law

3

torts, including torts that implicate a plaintiff's civil rights, like false arrest and malicious prosecution. *See Wright v. State*, 778 A.2d 443, 462 (N.J. 2001).

Consequently, one district court ruled that the State of New Jersey is vicariously liable under the NJCRA for the constitutional violations of its employees: "[A] claimed violation of rights protected by the New Jersey Constitution may be alleged in terms of respondeat superior liability, regardless of the corollary prohibition on such a theory of liability in a case claiming a violation of federal constitutional rights. The New Jersey Constitution does not prohibit liability based on principles of respondeat superior; nor shall this Court." *Gibson v. Superintendent of New Jersey Dep't of Law & Pub. Safety-Div. of State Police*, 02-CV-5470 (RBK) (AMD), 2009 WL 900854, at *4 (D.N.J. Mar. 31, 2009); *see also Garcia v. New Jersey*, 06-CV-435 (RBK), 2006 WL 3490348, at *3 (D.N.J. Dec. 1, 2006) (allowing claims against the State of New Jersey for violations of the New Jersey Constitution); *Perry v. Bruns*, 11-CV-2840 (DMC) (JAD), 2012 WL 395495, at *4 (D.N.J. Feb. 6, 2012) (citing *Gibson* in finding that respondeat superior liability is permitted under the New Jersey Constitution); *but see Ingram v. Twp. of Deptford*, 911 F. Supp. 2d 289, 299 (D.N.J. 2012) (declining to follow *Gibson*).

Here, Defendant Nichols, sued in his individual capacity and thus not immune under the Eleventh Amendment, was employed by the State of New Jersey when he violated Plaintiff's rights. Under the common law, which Plaintiff contends includes the common law right of action for violations of the New Jersey Constitution, New Jersey is liable for the acts of its employees. Therefore, the State of New Jersey should be vicariously liable for Defendant Nichols' acts alleged in the Complaint. Further, given that Defendants' Nichols' is not immune from suit under the Eleventh Amendment, the State of New Jersey is vicariously liable, following the reasoning in *Gibson*.

## CONCLUSION

For the reasons stated above, the State Defendants' motion to dismiss for lack of jurisdiction should be denied in part.

Dated: New York, New York
       September 17, 2018                      GLENN A. GARBER, P.C.

                                                Glenn A. Garber
                                                The Woolworth Building
                                                233 Broadway Suite 2370
                                                New York, New York 10279
                                                Phone: (212) 965-9370

                                                *Attorney for Plaintiff Dion Harrell*

Cc: Deputy Attorney General, Gregory R. Bueno (Via ECF)