UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

**KYHALLISTA JOHNSON**, as the Administrator of the Estate of **DION HARRELL**,

Plaintiff,

-against-

**STATE OF NEW JERSEY, NEW JERSEY DEPARTMENT OF LAW AND PUBLIC SAFETY, DIVISION OF STATE POLICE, JOHN T. NICHOLS, BRIAN O'GIBNEY, AND THE CITY OF LONG BRANCH**,

Defendants.

---

Case No. 18 cv 11299

Motion Date: January 3, 2023
Opposition Deadline: December 20, 2022
Reply Deadline: December 27, 2022


# MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

On the Brief:

    Glenn A. Garber, Esq.
    Robert Rickner, Esq.

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

ARGUMENT .................................................................................................................. 1

    I.    DEFENDANTS APPLY THE WRONG STANDARD AND MISTATE PLAINTIFF'S AMENDED CLAIM. ........................................................................................ 1

    II.   THERE IS NO PREJUDICE IN ALLOWING AN AMENDMENT AT THIS TIME......... 2

**ARGUMENT**

**I.   DEFENDANTS APPLY THE WRONG STANDARD AND MISTATE PLAINTIFF'S AMENDED CLAIM.**

The majority of the Defendants' arguments rely on documents outside the record, effectively trying to turn this into a premature motion for summary judgment—made before Plaintiff's experts have even submitted reports—based on only a partial record. The standard for a motion to amend does not contemplate this practice. Instead, it mirrors the standard for a motion to dismiss, looking only to the legal sufficiency of the amendments. *See Geness v. Admin. Off. of Pennsylvania Cts.*, 974 F.3d 263, 271 (3d Cir. 2020) (explaining that the standard for determining whether an amendment would be futile is the same as the standard for dismissing a claim for legal insufficiency).

Consequently, like a motion to dismiss, the "futility analysis on a motion to amend," is "'generally confined to the four corners of the complaint'" *Laurora v. Bayer HealthCare LLC*, No. 16-CV-09041, 2018 WL 3586272, at *5 (D.N.J. July 26, 2018) (quoting *Tri3 Enterprises, LLC v. Aetna, Inc.*, 535 F. App'x 192, 195 (3d Cir. 2013); *see also Allah v. Bartkowski*, No. CV 11-3153 (MAS), 2017 WL 2174950, at *2 (D.N.J. May 17, 2017) ("When deciding if a motion to amend is futile, the Court looks at the four corners of the complaint and accepts as true all facts plead by Plaintiff."). Thus, the Court should disregard the incomplete trial transcripts that form the foundation of the Opposition. These arguments can be addressed, on a full record, at summary judgment.

That said, the Defendants also ignore a crucial aspect of the amended claim. As the Proposed Amended Complaint makes clear: "Nichols never drafted a report stating that the serology testing had no value, despite the mandatory policies of the New Jersey State Police Laboratory." (Ex. A at ¶38). What Nichols testified to at the criminal trial, which led to defense

1

counsel's closing statement, was "that [victim's name] had sexual relations with somebody who is a type O secreter. That's it." Opp. at 11. This left the prosecution and defense in a battle over the perceived likelihood that this type O secreter was Harrell. But that is not what "inconclusive" means in this context and the Defendants' reliance on this refrain does not get them off the hook. Nichols' testing actually had no value. There was no way to tell if the assailant was a type O secretor or something else. The testing only reveals that they found semen and they found blood type evidence that matched the victim's; the two facts are not connected. It was false to imply that they were connected and the real truth about the import of the evidence (or lack thereof) should have been included in a report by Nichols, who now claims he just forgot to draft it. If Nichols had authored the report as he should have, it would have entirely undermined the State's case, because the cross-examination, and closing arguments, would have centered around the fact that they do not even know whether the assailant was a type O secretor, and Nichols would have had to admit this critical exculpatory fact on the stand and make clear that his testing was irrelevant. The criminal court may have even precluded his testimony on the point completely. Indeed, if the truth was revealed, the defense would have requested a pretrial forensic evidence hearing that should have led to a ruling excluding the evidence. To say the information and report are not *Brady,* simply cannot be.

    **II.**    **THERE IS NO PREJUDICE IN ALLOWING AN AMENDMENT AT THIS TIME.**

Defendants have also not shown, with any specificity, what new information they would have sought, had they known about this *Brady* claim earlier. *First*, it must be noted, Crumrine, the alleged recipient of this *Brady* material, has been dead since long before this case was filed. Plaintiff is equally prejudiced by this fact, and there is no way any party could have gotten testimony from this witness at any time in discovery. Second, Plaintiff thoroughly questioned all

witnesses as to every aspect of the *Brady* non-disclosure. And the statement by Swordsma, that he disclosed the *Brady* material to Crumrine, was a total surprise to Plaintiff. Nevertheless, he was thoroughly questioned on this topic and Defendants (which includes the State, who represented Swordsma) have never stated what, specifically, they would have elicited from any witness had they known this information earlier. Their vague claim that they would have sought some unspecified *Brady* discovery simply does hold water or show they were prejudiced.

## CONCLUSION

**WHEREFORE**, Plaintiff respectfully requests leave to file and serve an Amended Complaint, attached as Exhibit A to the Affirmation of Rob Rickner.

Dated: New York, New York
April 17, 2023

GLENN A. GARBER, P.C.

By:        /s/

Glenn A. Garber

The Woolworth Building
233 Broadway Suite 2370
New York, New York 10279
Phone: (212) 965-9370

Rickner PLLC

By:        /s/

Rob Rickner

14 Wall Street, Suite 1603
New York, New York 10005
Phone: (212) 300-6506
Fax: (888) 390-5401

*Attorneys for Plaintiff*

3