

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

## State of New Jersey
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO Box 112
TRENTON, NJ 08625-0112

MATTHEW J. PLATKIN
*Attorney General*

MICHAEL T.G. LONG
*Director*

May 22, 2023

**Via CM/ECF**

The Honorable Brendan Day, U.S.M.J.
Clarkson S. Fisher Fedl. Bldg. & U.S. Cthse.
402 East State Street
Trenton, New Jersey 08302

    Re:   <u>Kyhallista Johnson v. State of New Jersey, et. al,</u>
           Docket No. 3:18-cv-11299-GC-LHG

Dear Judge Day:

    I write on behalf of State Defendants -- the State of New Jersey, the New Jersey State Police, and John T. Nichols -- in response to the Court's Order dated May 5, 2023 (Dkt. 102), requesting a Supplemental Letter setting forth Defendants' position regarding Plaintiff's pending Motion to Amend.

    The State Defendants agree that the current operative complaint is the Amended Complaint (Dkt. 49) filed by Plaintiff on October 20, 2020.

    The State Defendants' position is that the Motion to Amend should be denied to the extent it seeks to add new *Brady* claims against the State of New Jersey, New Jersey State Police, and John T. Nichols. As discussed in the opposition to the Motion to Amend filed by co-Defendants City of Long Branch and Brian O'Gibney (Dkt. 93), the proposed new *Brady* claims appear to be premised upon different alleged facts than the *Brady* claim against Defendant Nichols that is set forth in the current operative complaint.

HUGHES JUSTICE COMPLEX • TELEPHONE: (609) 376-2440 • FAX: (609) 777-3607
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*



The Hon. Brendan Day, U.S.M.J.
May 22, 2023
Page 2

Plaintiff's *Brady* claim in the operative complaint is premised upon the allegation that Nichols "fabricated evidence by creating a report with inaccurate scientific claims and forwarding that report to the prosecution who presented it at trial...", Dkt. 49, Amended Complaint at ¶ 58 (First Claim for Relief: Violations of the Fourth, Fifth, Sixth and Fourteenth Amendments Under 42 U.S.C. § 1983 for Fabrication of Evidence Against O'Gibney and Nichols). More specifically, Plaintiffs allege that Nichols failed to tell the prosecution and defense that his forensic testing of the blood found in the victim's panties was inconclusive, that the victim's underwear had a tampon, and that he had "entirely made up the methodology behind a substantial portion of his testimony without any scientific basis or training to do so", *id.* at ¶ 61 (Second Claim for Relief: Violations of the Fourth, Fifth, Sixth and Fourteenth Amendments Under 42 U.S.C. § 1983 for *Brady* Violations Against Nichols). Elsewhere, Plaintiff alleges that Nichols "fabricated evidence against Plaintiff." *Id.* at ¶ 65 (Third Claims for Relief: New Jersey Civil Rights Act Against New Jersey, State Police, the City, O'Gibney and Nichols").

Plaintiff's new *Brady* claims are premised upon the allegation that Nichols failed to "document the fact that serology testing was inconclusive and effectively meaning nothing. This failure deprived Plaintiff of due process", Dkt. 87-1, Proposed Second Amended Complaint at ¶¶ 77 (Sixth Claim for Relief: *Brady* Violations Under 42 U.S.C. § 1983 Against Nichols), and 82 (Sixth [(*sic*)] Claim for Relief: *Brady*/Due Process Violations Under the New Jersey Constitution Against New Jersey, State Police and the City).[1]

Co-Defendants' argument in opposing Plaintiff's Motion to Amend that Detective Crumrine's alleged failure to document and

---

[1] As in the operative complaint, Plaintiff continues to allege in the proposed Second Amended Complaint that Nichols "fabricated evidence by creating a report with inaccurate scientific claims and forwarding that report to the prosecution who presented it at trial...", *id.* at ¶ 50 (First Claim for Relief: Violations of the Fourth, Fifth, Sixth and Fourteenth Amendments Under 42 U.S.C. § 1983 for Fabrication of Evidence Against O'Gibney and Nichols), and "fabricated evidence against Plaintiff, and... failed to turn over evidence favorable to the defense", *id.* at ¶ 53 (Second Claim for Relief: New Jersey Civil Rights Act Against O'Gibney and Nichols).

The Hon. Brendan Day, U.S.M.J.
May 22, 2023
Page 3

convey to the prosecution the information he received from Nichols' supervisor, Henry Swordsma, that the serology testing was inconclusive does not constitute a *Brady* violation, and that the allegation is otherwise contradicted by the evidence developed to date in discovery, applies with equal force to Plaintiff's *Brady* claim against Nichols and the other State Defendants.  Even if Plaintiff's new allegations were not contradicted by the evidence developed to date in discovery, co-Defendants correctly point out that the information that was allegedly omitted from Nichols' report, i.e., that the lab results were inconclusive, does not constitute exculpatory evidence under *Brady* as a matter of law and therefore the proposed new claim is futile.  The information is neither exculpatory or inculpatory.  Therefore, the Plaintiff's Motion to Amend should be denied.

    If the amendment is permitted, the State Defendants reserve the right to address the new *Brady* claims on summary judgment and to assert all legal defenses and immunities, such as sovereign immunity and qualified immunity, available to them.

                                    Respectfully submitted,

                                    MATTHEW J. PLATKIN
                                  ATTORNEY GENERAL OF NEW JERSEY

                      By:  */s/* Leah Traub
                           Leah Traub
                           Deputy Attorney General

c:  All Counsel of Record (via CM/ECF)